## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES E. HOUCK , # 421-024            *
Petitioner,                          *
                                     *
v                                    *          Civil Action No.  GJH-14-3092
                                     *
WARDEN, JESSUP CORRECTIONAL          *
  INSTITUTION,                       *
Respondent.                          *
                                   ***

## MEMORANDUM

Pending is James E. Houck's ("Houck's") self-represented Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Respondent,[1] by his counsel, has filed a response requesting dismissal of the Petition because none of the claims raised assert a cognizable basis for federal habeas corpus relief and for lack of exhaustion of available state court remedies.[2]

After considering the pleadings, exhibits, and applicable law, the Court finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2014); Rule 8, "Rules Governing Section 2254 Proceedings in the United States District Courts"; *see also Fisher v. Lee,* 215 F.3d 438, 454-55 (4th Cir. 2000) (stating there is no entitlement to a hearing under 28 U.S.C. § 2254(e)(2) except in limited cases not applicable here).

---

[1] The Court will direct the Clerk to amend the docket to show Warden Richard J. Graham as Respondent in this proceeding.  Richard J. Graham is Warden at Western Correctional Institution ("WCI"), where Houck is presently housed.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."); *see also* 28 U.S.C. § 2243 (providing that any habeas petition must be directed at "the person having custody of the person detained'); Fed. R. Civ. P. 25(d) (providing an action does not abate when a public officer who is a party in an official capacity ceases to hold office while the action is pending.)

[2] James E. Houck was provided an opportunity to present evidence that his claim has been properly exhausted. *See* ECF No. 18.  He did not file a reply.

**BACKGROUND**

In his Petition, Houck challenges his 2013 conviction for first-degree sexual offense. On August 24, 2011, Houck entered a guilty plea in the Circuit Court for Montgomery County to one count of first-degree sexual offense. On November 20, 2013, Houck was sentenced to life in prison. *See* ECF No. 17-1. Houck did not file an Application for Leave to Appeal his plea. *See id.*

On March 21, 2014, Houck filed a Post-Conviction Petition in the Circuit Court for Montgomery County.  On October 2, 2014, the Circuit Court scheduled a post-conviction hearing for February 6, 2015. The Maryland Judiciary case search website shows that the hearing was continued on April 22, 2015, and the court has taken the matter under advisement.[3]

**CLAIMS**

In his Petition, Houck seeks federal habeas relief because he claims that 1) he did not understand his plea because his plea counsel never discussed it with him; 2) he did not understand the sentence he faced if he pleaded guilty; and 3) he was taking psychotropic medication at the time he pleaded guilty and was sentenced. *See* ECF Nos. 1, 3.

**DISCUSSION**

A federal court may review a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Absent a claim of a federal constitutional right or law, a habeas petitioner fails to state a cognizable claim for relief. *See Wilson v. Corcoran*, 131 S.Ct. 13, 14 (2011) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate

---

[3] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=117811C&loc=68&detailLoc=MCCR.

federal law."); *see also Spencer v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1994) (where petitioner complained about the admissibility of evidence, without citing any constitutional provision or mentioning any constitutional right that was infringed, no federal claim was stated).

### A.     Cognizability of Claims

As Respondent observes, Houck fails to specifically cite to any federal law or constitutional provision that has been violated as a result of the matters alleged. However, as a self-represented litigant, Houck's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). As such, the Court will not dismiss Houck's petition for lack of cognizability as the allegations in his petition potentially raise colorable federal claims on habeas review.

### B.     Exhaustion of Claims

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b),(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of

3

Special Appeals.  Md. Cts. & Jud. Proc. Code Ann., §12-302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Crim. Proc. Code Ann. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, *supra*.

As noted, Houck did not pursue direct appellate relief following the entry of this guilty plea and sentence. Houck is currently pursuing state post-conviction relief, and his claims are pending in state court. *Id.* Under these circumstances, because state post-conviction relief remains available to Houck, he has not yet exhausted his state remedies. Thus, Houck's petition will be dismissed without prejudice for lack of exhaustion of available state court remedies. [4]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a Certificate of Appealability because Houck has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322,

---

[4] If Houck intends to pursue his claims after exhausting them in state court, he should be mindful that a one-year limitation period applies to a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1).

4

338 (2003) (in order to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**CONCLUSION**

For these reasons, the Court will dismiss Houck's petition without prejudice for failure to exhaust available state court remedies. The Court declines to issue a Certificate of Appealability. A separate Order follows.

Dated: <u>July 7, 2015</u>                                          <u>        /S/        </u>

George J. Hazel
United States District Judge